# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06CV236-MU-02

| | | |
|---|---|---|
| **JULIUS CEDRICK JOHNSON,** ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | | |
| **JENNIFER H. LANGLEY, Supt. Of** ) | | |
| Albemarle Correctional Cor- ) | | |
| rectional Institution, ) | | |
| Respondent. ) | | |
| _____) | | |

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of Habeas Corpus, filed May 30, 2006. For the reasons stated herein, the petitioner's case will be dismissed as time-barred.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

According to this Petition, in the late Spring of 1984, a jury convicted him of two counts of First Degree Rape and three counts of Robbery with a Dangerous Weapon. Accordingly, on or about May 9, 1984, the Superior Court of Mecklenburg County sentenced the petitioner to two life terms on the Rape convictions, and to three consecutive terms of 40 years imprisonment on the Robbery convictions.

The petitioner's Petition further reports that he appealed his conviction and sentence to the North Carolina Supreme Court. In an

opinion filed September 2, 1986, the State Supreme Court found reversible error in connection with one of the petitioner's rape convictions. See North Carolina v. Johnson, 317 N.C. 417, 436 (1986). Consequently, that Court affirmed all but the single rape conviction, and vacated and remanded the petitioner's case for a new trial on such rape offense. Id. at 436-37. After that ruling, the petitioner reportedly did not seek certiorari review at the United States Supreme Court, and he does not indicate whether he ever was retried for the subject rape offense.

Rather, after waiting nearly 20 years following the State Supreme Court's decision, on May 17, 2005, the petitioner filed a Motion for Appropriate Relief in the Superior Court of Mecklenburg County. Not surprisingly, however, that MAR was denied. Thereafter, but also in May 2005, the petitioner filed a Petition for a Writ of Certiorari in the State Court of Appeals. Once again, however, the petitioner's Petition was denied.

Following that denial, the petitioner came to this Court on the instant federal habeas Petition. Here, the petitioner argues that he was subjected to several instances of ineffective assistance of counsel; that he was denied a fair and impartial trial by virtue of the denial of his challenge for cause to a potential juror; that he was denied "equal access to the appeals process" by counsel's failure to preserve a particular issue for appellate review; and that the trial Judge violated his rights by denying his challenge of the subject juror. Nevertheless, notwithstanding the

petitioner's obvious belief to the contrary, the undersigned has concluded that the instant Petition must be <u>dismissed</u> as untimely filed.

## II. <u>ANALYSIS</u>

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

> A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation under this subsection.

As has been noted, the instant Petition reports that the petitioner sustained his Rape and Robbery convictions and sentences on May 9, 1984; and that those convictions were affirmed on appeal by a decision entered September 2, 1986. Furthermore, the petitioner reports that he did <u>not</u> seek certiorari review before the U.S. Supreme Court. Thus, based upon the relevant legal precedent, this Court must conclude that the petitioner's convictions and sentences became final no later than December 2, 1986--that is, at the expiration of the 90-day period during which he could have (but did not) seek certiorari review before the U.S. Supreme Court. <u>See</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (identifying 90-day grace period for cases in which no certiorari review was sought in U.S. Supreme Court).

Furthermore, inasmuch as the petitioner's conviction and sentence became final prior to the enactment of the AEDPA, in the absence of any intervening circumstances, the petitioner had up to and including April 24, 1997 in which to file the instant <u>habeas</u> Petition. <u>Id</u>. At 328 (noting that for pre-AEDPA convictions, 1-year limitations period runs from AEDPA's effective date); <u>and</u> <u>Brown v. Angelone</u>, 150 F.3 370, 375 (4th Cir. 1998) (same). Obviously, the petitioner did <u>not</u> file this Petition by such April 1997 date.

Instead, the petitioner let more than 8 years elapse after

that deadline before he even initiated his unsuccessful collateral review proceedings in the North Carolina courts. Thus, while the AEDPA entitles the petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here.

That is, the petitioner's one-year period already had expired about 8 years <u>before</u> he even began those collateral proceedings. Therefore, the petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations. Indeed, this Court finds that it is not even required to acknowledge the petitioner's initiation of collateral proceedings in State court inasmuch as he filed his MAR well beyond the 10-day period provided for such proceedings under North Carolina law. <u>See</u> N.C.G.S. §15A-1420(4).

No doubt, the petitioner was aware that his Petition likely would be construed as time-barred.[1] Nevertheless, despite having been prompted to provide an explanation about his delay, the

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal <u>habeas</u> court, prior to trial, perceives a <u>pro-se</u> [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal <u>habeas</u> forms to comply with <u>Hill</u>. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the petitioner was prompted to address the timeliness of his Petition, but refused to do so, the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

petitioner has failed to articulate a proper basis for tolling the applicable limitation period, or for otherwise extending the time in which he had to file the instant Petition. In fact, in response to the habeas form's question concerning why the petitioner had waited more than one year to file this action, he did not even bother to give an answer.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the petitioner.

### III. CONCLUSION

The petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED.**

Signed: June 1, 2006

*[signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge